UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Brandon Boware,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Levi Strauss Distribution Center,<br><br>　　　　　　Defendant. | Case No. 2:24-cv-01139-RFB-DJA<br><br>**Order<br>and<br>Report and Recommendation** |

　　　This is an employment action arising out of pro se Plaintiff Brandon Boware's employment with Defendant Levi Strauss Distribution Center. Plaintiff sues Defendant for damages and injunctive relief, alleging claims for hostile work environment, workplace harassment, retaliation, and negligence. (ECF No. 1-1). Defendant moves to dismiss the complaint. (ECF No. 5). Defendant also moves for a more definite statement with respect to Plaintiff's fourth cause of action, asking that the Court order Plaintiff to file an amended complaint. (ECF No. 6). Finally, Defendant filed a one-sided proposed discovery plan, explaining that Plaintiff refused to meet and confer with Defendant. (ECF No. 12). Plaintiff has not responded to any of Defendant's motions.

## Discussion

**I.　　Motion to dismiss and motion for more definite statement.**

　　　Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." Plaintiff did not respond to Defendant's motion to dismiss, constituting his consent to the Court granting it. The Court thus recommends granting Defendant's motion to dismiss and providing Plaintiff with leave to amend his complaint. Because granting the motion to dismiss would moot the motion for more definite statement, the Court recommends denying the motion for more definite statement as moot.

**II.     Proposed discovery plan.**

Plaintiff has also failed to respond to Defendant's proposed discovery plan. The Court thus grants in part and denies in part Defendant's proposed plan. The Court denies it in part only to remove the sentence in paragraph C stating that "before moving for an order relating to discovery after complying with the Federal Rules of Civil Procedure and applicable Local Rules of this District, the moving party must request a status conference with the Court pursuant to Fed. R. Civ. P. 16(b)(3)(v)." (ECF No. 12 at 3). Otherwise, the Court grants the proposed plan.

## Order

**IT IS THEREFORE ORDERED** that Defendant's proposed discovery plan (ECF No. 12) is **granted in part and denied in part**. It is denied in part to the extent it requires the parties to request a status conference with the Court before filing a discovery motion. It is granted in all other respects. The following deadlines shall govern discovery:

| | |
|---|---|
| Amend pleadings/add parties: | September 27, 2024 |
| Expert disclosures: | October 28, 2024 |
| Rebuttal expert disclosures: | November 26, 2024 |
| Close of discovery: | December 26, 2024 |
| Dispositive motions: | January 27, 2025 |
| Pretrial order: | February 26, 2025 |

**IT IS FURTHER ORDERED** that the Clerk's office is kindly directed to send a copy of this order and report and recommendation to Plaintiff.

## Recommendation

**IT IS THEREFORE RECOMMENDED** that Defendant's motion to dismiss (ECF No. 5) be **granted** and Plaintiff be given leave to amend his complaint.

**IT IS FURTHER RECOMMENDED** that Defendant's motion for more definite statement (ECF No. 6) be **denied as moot.**

### Notice

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: August 29, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE